Commonwealth ex rel. Duff *v.* Duff, Appellant.

Argued October 9, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Robert N. C. Nix,* for appellant.—An order for support which exceeds one-third of the income of the husband should be reduced: Com. ex rel. Slade v. Slade, 91 Pa. Superior Ct. 533; Com. v Milne, 90 Pa. Superior Ct. 68.

*Hugh D. Scott, Jr.,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, *William T. Connor* and *John R. K. Scott,* for appellee.—The order is reasonable and proper under the circumstances: Com. ex rel. Stimer v. Stimer, 91 Pa. Superior Ct. 586.

OPINION BY BALDRIGE, J., November 22, 1929:

On May 28, 1929, the court ordered the defendant to pay to his wife thirty ($30) dollars a week and to enter his own recognizance in the sum of five hundred

($500) dollars for the faithful performance of the order.

No appeal was taken and the recognizance was duly entered.

On July 2, 1929, a petition for a reduction of the sum ordered paid was filed, hearing was had, and the petition was dismissed.

This appeal followed and leaves the sole question whether the amount of the order is excessive.

The appellant is a physician, who, although he started his professional career but three years ago, has a good practice, and his income therefrom, according to his own testimony, is from four to six hundred dollars a month. He owns four houses, subject to certain encumbrances, but there remains a substantial equity. The evidence shows that in the first three months of 1929 the appellant deposited in his bank, $6,357.96. He explains that some of the money was paid to him as secretary of a building and loan association, but these collections were a small proportion of that amount. The balance appears to be his individual funds.

The lower court, after hearing the testimony, concluded that under all the circumstances the amount of the order was a fair allowance for the wife. In view of his professional income and his outside financial resources, we cannot say that there was an abuse of discretion.

The assignments of error are overruled and the judgment is affirmed.